1

**COMP**
NIELS L. PEARSON, ESQUIRE
Nevada Bar No. 001061
PEARSON, PATTON, SHEA,
FOLEY & KURTZ, P.C.
BANK OF AMERICA WEST
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145
(702) 228-7717

RECEIVED
AND FILED

2002 DEC 10 PM 3: 31

LANCE S. WILSON
BY _____ **HZ** _____
DEPUTY

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MINOR JAK., minor; F KENNEDY and D. KENNEDY, on their own behalf, and as Guardian ad Litem for MINOR JAK, and DOES SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT; CARLOS ARTURO GARCIA, individually and official capacity as Superintendent; MARSHA IRVIN, individually and official capacity as Northwest Region Superintendent; CHARLENE A. GREEN, individually and official capacity as Associate Superintendent Student Support Services Division; KATE KINLEY, individually and official capacity as Assistant Superintendent of Northeast Region; MICHAEL S. HARLEY, individually and official capacity as § 504 Compliance Officer; ANDRE DENSON, individually and official capacity as Mojave High School Principal; DAVID SMITH, individually and official capacity as Mojave High School Dean; EMILY ROBISON, Mojave High School Teacher; CHARLENE BECERRA, Mojave High School Teacher; ROBERT BENCIVENGA, Community College High School Teacher; AND DOES 1 through 10. Inclusive, | ) CASE NO.:<br>)<br>)<br>)<br><br>CV-S-02-1614-LRH-LRL<br><br>)<br>)<br>) **COMPLAINT FOR DAMAGES**<br>) **AND EQUITABLE RELIEF**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **JURY DEMAND**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1    Defendants.                    )
2    _____)

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

### JURISDICTION

1.    This Court has jurisdiction of the action under **Title 28 United States Code** §§ 1331 and 1334. This action arises under the Fourteenth Amendment to the United States Constitution, and under federal laws, **Title 42 United States Code** §§ 1981, 1983, 1988, the **Americans with Disabilities Act** of 1990 (**ADA**); **Title 42 United States** Code § 12133; § 504 of the **Rehabilitation Act** of 1973 (**RA**); and the **Title 29 United States Code** 474 as amended; and the (**Handicapped Children's Protection Act**) of 1986 (**HCPA**) **Title 28 United States Code** § 1415(e).

2.    As to the State causes of action, this court also has jurisdiction to dispose of said cause of action pursuant to Title 28 United States Code § 1367.

### VENUE

3.    Venue in this Court is proper under **Title 28 United States Code** § 1391, and this Court has personal jurisdiction over the Defendants in this matter because the events giving rise to this claim occurred, and will continue to occur, in this district.

### NATURE OF THE CASE

4.    This is an action brought for violations and threatened violations of the rights of Plaintiffs to equal protection of the laws under the Fourteenth Amendment to the United States Constitution, and for discrimination in violation of **Title United States Code 42** §§ 1981, 1983, 1988. Plaintiffs seek declaratory and equitable relief and compensatory and punitive damages in an amount to be proven at trial.

5.    Minor JAK was and it at all times mentioned herein diagnosed, recognized and classified

as a disabled person in accordance with the State of Nevada statutes, regulations, policies, custom and practice, and pursuant to the **ADA** and **RA**. During the years 2001 and continuing Minor JAK suffered from life threatening and disabling medical aliments and pathology which included and is not limited to:

    a.    Asthma;

    b.    Depression;

    c.    Lack of concentration;

    d.    Bronchitis;

    e.    Sinusitis;

    f.    Reactive airway disease;

    g.    Pleurisy;

    h.    Enlarged turbinates with approximately seventy (70%) percent obstruction;

    i.    Severe deviation of the caudal septum to the left;

    j.    Ninety (90%) percent obstruction of the left nostril;

    k.    Nasal septum deviation anteriorly inferiorly to the right;

    l.    Massive reactive allergies; and

    m.    Chronic allergic rhinosinusitis.

6.    The Clark County School District has recognized and classified Minor JAK as an individual who was and is disabled. Plaintiff, Minor JAK, is and was entitled to receive full and equal access to the public educational programs and activities offered within the Clark County School District. Hence, Minor JAK was and continues to be a qualified individual with a disability within the meaning of all applicable statutes and regulations, including **Section 504 of the Rehabilitation Act of 1973, Title 29 United States Code** § 794, and the **Americans With Disabilities Act, Title 42 United States Code** § 12131, as well as the School District's own

rules, regulations and policies.

7.     Minor JAK currently is, and at all relevant times, has been a resident of Clark County within the State of Nevada.

8.     D. KENNEDY is the mother of Minor JAK and actively participated in attempting to secure any and all accommodations authorized by law and the School District's rules, regulations, and polices.

9.     D. KENNEDY currently is, and at all relevant times, has been a resident of Clark County within the State of Nevada.

10.     F. Kennedy is the father of Minor JAK and the spouse of D. KENNEDY, and actively participated in attempting to secure any and all accommodations authorized by law and the School District's rule, regulations and policies.

11.     F. KENNEDY currently is, and at all relevant times, has been a resident of Clark County within the State of Nevada.

12.     Collectively the Plaintiffs will be referred to as "the KENNEDYS" when applicable.

13.     The offending officials and Defendants led the KENNEDYS to believe that on April 11, 2002, a settlement agreement was mutually reached between all parties, a copy of which is attached hereto and marked as Exhibit "1", hereinafter, SETTLEMENT AGREEMENT incorporated herein by reference.  The KENNEDYS and their legal representative were led to believe that said SETTLEMENT AGREEMENT resolved certain past, present and continuing breaches and other issues raised by the KENNEDYS in establishing accommodations pursuant to an Amended § 504 Plan for Minor JAK, a copy of which is attached hereto and marked as Exhibit "2", hereinafter, Amended § 504 Plan, incorporated herein by reference. Notwithstanding, numerous attempts requesting that the offending officials perform on said Agreements, to date said Agreements have been breached, and not complied with and ignored by

the offending officials and Defendants.

## PARTIES

## PLAINTIFFS

14.     Minor JAK, hereinafter "Minor Plaintiff", at all times mentioned herein resided within the jurisdiction and venue of this Court.  At all times mentioned herein Minor Plaintiff has been a resident of North Las Vegas, Clark County, within the State of Nevada.  As previously stated, at all times mentioned herein, Minor Plaintiff has been diagnosed and recognized to be suffering from a significant disability which prevents, hinders and deprives him from attending, on a regular basis, his normal educational and instructional classes, otherwise afforded to non-disabled students.

15.     Furthermore, Minor Plaintiff alleges that his disability plays a role in the discriminatory and retaliatory practices of each and every Defendant.

16.     Plaintiff D. KENNEDY, hereinafter "mother Plaintiff", at all times mentioned has been a resident of North Las Vegas, Clark County, within the State of Nevada.  As previously stated, at all times mentioned herein, mother Plaintiff participated in representing her son's (Minor Plaintiff) interest to secure any and all benefits, services and privileges as provided under the ADA and RA.

17.     Furthermore, mother Plaintiff alleges that her representation of her disabled son played a role in the discriminatory and retaliatory practices of each and every Defendant.

18.     Plaintiff F. KENNEDY, hereinafter "father Plaintiff", at all times mentioned herein has been a resident of North Las Vegas, Clark County, within the State of Nevada.  As previously stated, at all times mentioned herein, father Plaintiff participated in representing his son's (Minor JAK) interest to secure all and any benefits. services and privileges as provided under the **ADA** and **RA**.

19.     Furthermore, father Plaintiff alleges that his representation of his disabled son played a role in the discriminatory and retaliatory practices of each and every Defendant as fully stated and identified below.

**DEFENDANTS**

20.     Plaintiffs are informed and believe, and hereinafter allege that the Defendant, CLARK COUNTY SCHOOL DISTRICT, hereinafter, "School District", has the responsibility of providing school children full and equal access to public educational programs and activities offered in its district in compliance with the requirements of state and federal law.  Defendant School District's responsibilities include administering the state system of public education. Defendant School District receives Federal financial assistance and is a public entity as defined in **Title II** of the **Americans with Disabilities Act, Title 42 United State Code**. § 12131 (1).

21.     The Plaintiffs alleged that the School District was and continues to be responsible for the training, supervision, discipline and evaluation of its subordinate employees, such as the remaining Defendants.

22.     The Plaintiffs alleged that the School District was and continues to be charged with the duty and the responsibility of providing disabled school children full and equal access to the public educational programs and activities offered in its schools and colleges in compliance with the requirements of state and federal law.  The School District's responsibilities include, but are not limited to, administering the School District's system of public education.

23.     The Plaintiffs alleged that the School District exercised police powers and jurisdiction to achieve its wrongful purpose, as fully described below.  As such, Defendant School District is "persons" within the meaning of **Title 42 United States Code** § 1983, **ADA** and **RA** subject to suit in this federal court.

24.     The Plaintiffs allege that, at all times mentioned herein, the School District, having

knowledge that any of the wrongs conspired to be done, and mentioned herein, are and were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

25.     Furthermore, the Plaintiffs allege that the School District has and continues to establish and practice a course of conduct, custom and design by removing itself from interfering with its subordinate Educational programs, and allowing the wrongs committed herein and similar wrongs to continue at the expense and injury of the disabled students and parents in its education system.

26.     The Plaintiffs allege that, at all times mentioned herein, the School District ratified, supported, encouraged, aided and participated in the conduct and omissions described below in conspiracy with the remaining Defendants.

27.     Plaintiffs are informed and believe, and hereinafter allege that Defendant CARLOS ARTURO GARCIA, hereinafter "Garcia", was the Superintendent of the School District at the time the incidents herein alleged occurred.  Garcia is responsible for ensuring that students with disabilities in the School District are treated in compliance with the requirements of state and federal laws.

28.     The Plaintiffs alleged that Garcia was and continues to be responsible for the training, supervision, discipline and evaluation of his subordinate employees, such as the remaining Defendants.

29.     The Plaintiffs allege that Garcia was and continues to be charged with the duty and the responsibility of providing disabled school children full and equal access to public educational programs and activities offered in his schools in compliance with the requirements of state and federal law.  Garcia's responsibilities include, but are not limited to, administering the School District's system of public education.

30.     The Plaintiffs allege that Garcia exercised police powers and jurisdiction to achieve his wrongful purpose, as fully described below.  As such, Garcia is "persons" within the meaning of **Title 42 United States Code** § 1983, **ADA** and **RA** subject to suit in this federal court.

31.     The Plaintiffs alleged that, at all times mentioned herein, Garcia, having knowledge that any of the wrongs conspired to be done, and mentioned herein, are and were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

32.     Furthermore, the Plaintiffs allege that Garcia has and continues to establish and practice a course of conduct, custom and design by removing himself from interfering with his subordinates Educational programs, and allowing the wrongs committed herein and similar wrongs to continue at the expense and injury of the disabled students and parents in his education system.

33.     The Plaintiffs allege that, at all times mentioned herein, Garcia ratified, supported encouraged, aided and participated in the conduct and omissions described below in conspiracy with the remaining Defendants.

34.     Garcia is being sued in both his individual and official capacity.

35.     Plaintiffs are informed and believe, and hereinafter allege that Defendant MARSHA IRVIN, hereinafter "Irvin", was the Northeast Region Superintendent of the School District at the time the incidents herein alleged occurred.  Irvin is responsible for ensuring that students with disabilities in the School District are treated in compliance with the requirements of state and federal laws.

36.     The Plaintiffs allege that Irvin was and continues to be responsible for the training, supervision, discipline and evaluation of her subordinate employees, such as the remaining Defendants.

37.     The Plaintiffs allege that Irvin was and continues to be charged with the duty and the

responsibility of providing disabled school children full and equal access to public educational programs and activities offered in the schools and colleges in compliance with the requirements of state and federal law. Irvin's responsibilities include, but are not limited to, administering the School District's system of public education.

38.     The Plaintiffs allege that Irvin exercised police powers and jurisdiction to achieve here wrongful purpose, as fully described below. As such, Irvin is "person" within the meaning of **Title 42 United States Code** § **1983, ADA** and **RA** subject to suit in this federal court.

39.     The Plaintiffs allege that, at all times mentioned herein, Irvin, having knowledge that any of the wrongs conspired to be done, and mentioned herein, are and were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

40.     Furthermore, the Plaintiffs allege that Irvin has and continues to establish and practice a course of conduct, custom and design by removing herself from interfering with her subordinates Educational programs, and allowing the wrongs committed herein and similar wrongs to continue at the expenses and injury of the disabled students and parents in her education system.

41.     The Plaintiffs allege that, at all times mentioned herein, Irvin ratified, supported, encouraged, aided and participated in the conduct and omissions described below in conspiracy with the remaining Defendants.

42.     Irvin is being sued in both her individual and official capacity.

43.     Plaintiffs are informed and believe, and hereinafter allege that Defendant KATE KINLEY, hereinafter "Kinley", was the Assistant Region Superintendent of the School District at the time the incidents herein allegedly occurred. Kinley is responsible for ensuring that students with disabilities in the School District are treated in compliance with the requirements of state and federal laws.

44.    The Plaintiffs allege that Kinley was and continues to be responsible for the training, supervision, discipline and evaluation of her subordinate employees, such as the remaining Defendants.

45.    The Plaintiffs allege that Kinley was and continues to be charged with the duty and the responsibility of providing disabled school children full and equal access to public educational programs and activities offered in the schools and colleges in compliance with the requirements of state and federal law.  Kinley's responsibilities include, but are not limited to, administering the School District's system of public education.

46.    The Plaintiffs allege that Kinley exercised police powers and jurisdiction to achieve her wrongful purpose, as fully described below.  As such, Kinley is "person" within the meaning of **Title 42 United States Code** § 1983, **ADA** and **RA** subject to suit in this federal court.

47.    The Plaintiffs allege that, at all times mentioned herein, Kinley, having knowledge that any of the wrongs conspired to be done, and mentioned herein, are and were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

48.    Furthermore, the Plaintiffs allege that Kinley has and continues to establish and practice a course of conduct, custom and design by removing herself from interfering with her subordinated Educational programs, and allowing the wrongs committed herein and similar wrongs to continue at the expense and injury of the disabled students and parents in her education system.

49.    The Plaintiffs allege that, at all times mentioned herein, Kinley ratified, supported, encouraged, aided and participated in the conduct and omissions described below in conspiracy with the reaming Defendants.

50.    Kinley is being sued in both her individual and official capacity.

51.    Plaintiffs are informed and believe, and hereinafter allege that Defendant CHARLENE A.

GREEN, hereinafter "Green", at all times mentioned herein was the Associate Superintendent, Student Support Services Division, at the time the incidents herein alleged occurred.  Defendant Green is responsible for ensuring that students with disabilities in the School District are treated in compliance with the requirements of state and federal law.

52.     The Plaintiffs allege that Green was and continues to be responsible for the training, supervision, discipline and evaluation of her subordinate employees, such as the remaining Defendants.

53.     The Plaintiffs allege that Green was and continues to be charged with the duty and the responsibility of providing disabled school children full and equal access to public educational programs and activities offered in her schools and colleges in compliance with the requirements of state and federal law.  Green's responsibilities include, but are not limited to, administering the School District's system of public education.

54.     The Plaintiffs allege that Green exercised police powers and jurisdiction to achieve her wrongful purpose, as fully described below.  As such, Green, is "persons" within the meaning of **Title 42 United States Code** § 1983, **ADA** and **RA** subject to suit in this federal court.

55.     The Plaintiffs allege that, at all times mentioned herein, Green, having knowledge that any of the wrongs conspired to be done, and mentioned herein, are and were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

56.     Furthermore, the Plaintiffs allege that Green has and continued to establish and practice a course of conduct, custom and design by removing herself from interfering with her subordinates Educational programs, and allowing the wrongs committed herein and similar wrongs to continue at the expense and injury of the disabled students and parents in her education system.

57.     The Plaintiffs allege that, at all times mentioned herein, Green ratified, supported,

encouraged, aided and participated in the conduct and omissions described below in conspiracy with the remaining Defendants

58.     Green is being sued in both her individual and official capacity.

59.     Plaintiffs are informed and believe, and hereinafter allege that Defendant MICHAEL S. HARLEY, hereinafter "Harley" was at all times mentioned herein the § 504 Compliance Officer, charged with the ultimate duty to enforce the applicable statues and to secure the benefits, entitlements, services and immunities guaranteed through the United States Constitution pursuant to the **Fourteenth Amendment**, the **ADA** and **RA**.

60.     The Plaintiffs allege that Harley exercised police powers and jurisdiction to achieve his wrongful purpose, as fully described below.  As such, Harley is "person" within the meaning of **Title 42 United State Code** § 1983, **ADA** and **RA** subject to suit in this federal court.

61.     The Plaintiffs allege that, at all times mentioned herein, Harley, having knowledge that any of the wrongs conspired to be done, and mentioned herein, are and were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

62.     Furthermore, the Plaintiffs allege that Harley has and continues to establish and practice a course of conduct, custom and design by removing himself from interfering with the students with  disabilities Educational programs in the School District, and allowing the wrongs committed herein and similar wrongs to continue at the expense and injury of the disabled students and parents in his education system.

63.     The Plaintiffs allege that, at all times mentioned herein, Harley ratified, supported, encouraged, aided and participated in the conduct and omissions described below in conspiracy with the remaining Defendants.

64.     Harley is being sued in both his individual and official capacity.

65.    Plaintiffs are informed and believe, and hereinafter allege that Defendant ANDRE DENSON, hereinafter "Denson", was at all times herein the Mojave High School Principal at the time the incidents herein allegedly occurred. Defendant Denson is responsible for ensuring that students with disabilities at Mojave High School are treated in compliance with the requirements of state and federal laws.

66.    The Plaintiffs allege that Denson was and continues to be responsible for the training, supervision, discipline and evaluation of his subordinate employees, such as Defendants Smith, Becerra and Robison.

67.    The Plaintiffs allege that Denson was and continues to be charged with the duty and the responsibility of providing disabled school children full and equal access to the public educational programs and activities offered in his high schools in compliance with the requirements of state and federal law. Denson's responsibilities include, but are not limited to, administering Mojave High School's system of public education.

68.    The Plaintiffs allege that Denson exercised police powers and jurisdiction to achieve his wrongful purpose, as fully described below. As such, Denson is "person" within the meaning of **Title 42 United States Code § 1983, ADA and RA** subject to suit in this federal court.

69.    The Plaintiffs allege that, at all times mentioned herein, Denson, having knowledge that any of the wrongs conspired to be done, and mentioned herein, are and were about to committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

70.    Furthermore, the Plaintiffs allege that Denson has and continues to establish and practice a course of conduct, custom and design to discriminate, retaliate, obstruct justice and interfere with the administration of justice with regard to complaints filed by disabled students and/or their parents, and furthermore, that Denson allowed the wrongs committed herein and similar wrongs

1  to continue at the expense and injury of the disabled students and parents in his high school.

2  71.  The Plaintiffs allege that, at all time mentioned herein, Denson ratified, supported,

3
4  encouraged, aided and participated in the conduct and omissions described below in conspiracy

5  with the remaining Defendants.

6  72.  Denson is being sued in both his individual and official capacity.

7  73.  Plaintiffs are informed and believe, and hereinafter allege that Defendant DAVID

8  SMITH, hereinafter "Smith", was at all times herein Mojave High School Dean at the time the

9  incidents herein allegedly occurred.  Defendant Smith is responsible for ensuring that students

10
11  with disabilities in the Mojave High School are treated in compliance with the requirements of

12  state and federal laws.

13  74.  The Plaintiffs allege that Smith was and continues to be responsible for the training,

14  supervision, discipline and evaluation of his subordinate employees, such ast teachers Becerra

15  and Robison.

16
17  75.  The Plaintiffs allege that Smith was and continues to be charged with the duty and the

18  responsibility of providing disabled school children full and equal access to public educational

19  programs and activities offered in his high schools in compliance with the requirements of state

20  and federal laws.  Smith's responsibilities include, but are not limited to, administering Mojave

21  High School's system of public education.

22  76.  The Plaintiffs allege that Smith exercised police powers and jurisdiction to achieve his

23
24  wrongful purpose as fully described below.  As such, Smith is "persons" within the meaning of

25  **Title 42 United States Code** § 1983, **ADA** and **RA** subject to suit in this federal court.

26  77.  The Plaintiffs allege that, at all times mentioned herein, Smith, having knowledge that

27  any of the wrongs conspired to be done, and mentioned herein, are and were about to be

28  committed, and having power to prevent or aid in preventing the commission of the same.

1   neglected or refused so to do.

2   78.    Furthermore. Plaintiffs allege that Smith has and continues to establish and practice a

3   course of conduct, custom and design to discriminate, retaliate, obstruct justice and interfere with

4

5   the administration of justice with regard to complaints filed by disabled students and/or their

6   parents, and furthermore, that Smith allowed the wrongs committed herein and similar wrongs to

7   continued at the expense and injury of disabled students and their parents in his high school.

8   79.    The Plaintiffs allege that, at all times mentioned herein, Smith ratified, supported,

9   encouraged, aided and participated in the conduct and omissions described below in conspiracy

10  with the remaining Defendants.

11

12  80.    Smith is being sued in both his individual and official capacity.

13  81.    Plaintiffs are informed and believe, and hereinafter allege that Defendant EMILY

14  ROBISON,  hereinafter "Robison", is, and was at all times relevant to this action, a classroom

15  teacher at Mojave High School.

16  82.    The Plaintiffs allege that, at all times mentioned herein, Robison, ratified, supported,

17  encouraged, aided and participated in the conduct and omissions described below in conspiracy

18  with the remaining Defendants.

19

20  83.    Robison is being sued in both her individual and official capacity.

21  84.    Plaintiffs are informed and believe. and hereinafter allege that Defendant CHARLENE

22  BECERRA, hereinafter, "Becerra", is, and was at all times relevant to this action, a classroom

23  teacher at Mojave High School.

24

25  85.    The Plaintiffs allege that, at all times mentioned herein, Becerra ratified, supported,

26  encouraged, aided and participated in the conduct and omissions described below in conspiracy

27  with the remaining Defendants.

28  86.    Becerra is being sued in both her individual and official capacity.

87.    Plaintiffs are informed and believe, and hereinafter allege that Defendant ROBERT BENCIVENGA, hereinafter "Bencivenga", is, and was at all times relevant to this action, a classroom teacher at Community College High School, Cheyenne Campus.

88.    The Plaintiffs allege that, at all times mentioned herein, Bencivenga ratified, supported, encouraged, aided and participated in the conduct and omissions described below in conspiracy with the remaining Defendants.

89.    Bencivenga is being sued in both his individual and official capacity.

90.    Plaintiffs are informed and believe, and on that basis alleges, that each of the fictitiously named Doe Defendants were in some manner legally responsible for the unlawful actions, unlawful policies, and unlawful practices of the remaining Defendants.  Plaintiffs will amend their Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been ascertained.

91.    On the basis of information and belief, it is alleged that each of Defendants herein was the agent of the others and was acting in the scope of his or her employment.

92.    The Plaintiffs allege that at all times mentioned herein, the Defendants and each of them, are in some manner responsible for and participated in the design, quality control, inspection, training, execution of orders, unwritten policies and customs, and monitoring of the administration and management of the Clark County School District and Mojave High School.

## INFORMATION RELEVANT TO THIS CIVIL ACTION

93.    In or about the 2000-2001 school year, Minor JAK's medical, psychological and physical aliments produced a disabling effect, substantially limiting one or more of Minor JAK's major life activities and academic participation.

94.    A formal request for accommodation for Minor JAK was made to the Defendants by Minor JAK's parents.

95.     In response to the Kennedys' request for accommodation, Defendants School District, Garcia,

Irving, Kinley, Green, Harley, Denson and Smith failed to timely identify Minor JAK as a § 504

candidate within the statutory time limit.

96.     Furthermore, after the Kennedys requested said § 504 accommodations in March 2001,

Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith delayed the

implementation of said accommodation until August 30, 2001 and did not provide the Kennedys

with procedural rights documentation until October of 2001.

97.     Defendants School District, Garcia, Irvin, Kinley, Green Harley, Denson and Smith

failed, refused and neglected to provide Minor JAK with "Free, Appropriate, Public Education",

hereinafter, FAPE, during the 2000-2001 and 2001-2002 school year.

98.     On or about September 17, 2001, Defendants School District, Garcia, Irvin, Kinley,

Green, Harley, Denson, Smith and Becerra endangered the life and health of Minor JAK when

he was ordered by Defendant Becerra to perform a chemical lab notwithstanding that Minor

JAK's surgeon and treating physicians had notified said Defendants that Minor JAK could not be

exposed to such chemicals, and contrary to Minor JAK's § 504 Plan and medical alert notices

provided no later than September 7, 2001 to Defendant Becerra and all of Minor JAK's teachers.

99.     When Minor JAK objected to the chemical lab, Defendant Becerra retaliated by

humiliating Minor JAK through verbal abuse including, but not limited to, the statement that

whether or not Minor JAK was ill, he was no longer allowed to miss school.  Furthermore,

Defendant Becerra forced Minor JAK to be exposed to the use of irritants which were explicitly

prohibited by his surgeon and treating physicians, his § 504 Plan and explicit medical alerts to all

teachers.  Subsequently, Minor JAK became severely ill, experiencing tightening of his chest,

upper respiratory problems and sinus irritation.  Within a few days Minor JAK was placed on

1    antibiotics and was treated for sinus and asthma complications. Minor JAK suffered severe

2    physical pain and mental anguish as the result of Defendant Becerra's acts and omissions.

3    Consequently, Minor JAK's immune system weakened and it took Minor JAK several months to

4    recover from the aforesaid life threatening situation, requiring extensive absences from school.

5

6    100.    When the Kennedys notified Defendants School District, Garcia, Irvin, Kinley, Green,

7    Harley, Denson and Smith regarding the incident with Defendant Becerra, they failed to counsel,

8    punish, correct or train her and allowed the status quo to exist.

9    101.    On or about September 17, 2002, Defendants School District, Garcia, Irvin, Kinley,

10   Green, Harley, Denson, Smith and Becerra failed, ignored and refused to comply with item 2 of

11   the § 504 Plan requirements: "2. Student should be given exemption from participation in

12   activities that may include irritants that are allergy sensitive to the student (i.e., animals, science

13   chemicals) an alternate assignment should be given." A copy of the original § 504 Plan, for the

14   2001-2002 school year is attached as Exhibit "3", and incorporated herein by reference.

15

16   102.    As a proximate result of the herein described conduct of the Defendants, and each of

17   them, Plaintiff Minor JAK was caused to suffer grievous, serious and sever injuries, pain and

18   suffering to his health, strength and activities and a deprivation of his federal and state civil and

19   constitutional protected rights and activities, as fully described below.

20

21   103.    As a further proximate result of the herein described conduct of the Defendants, and each

22   of them, Plaintiffs were required to and did, employ health practitioners to examine, treat and

23   care for Minor JAK, and Plaintiffs incurred and will continue to incur hospital, medical, medical

24   monitoring and incidental expenses.

25

26   104.    Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith

27   failed, ignored and refused to comply with item 1 of Minor JAK's existing § 504 Plan (Exhibit 3)

28   and FAPE when they refused, failed and neglected to provide Minor JAK with a supplemental

1    instructor until October 23, 2001.

2    105.    Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith

3    failed, ignored and refused to comply with item 1 of Minor JAK's existing § 504 Plan (Exhibit 3)

4    and FAPE when they canceled Minor JAK's supplemental instructor without prior warning nor

5    good cause.

6

7    106.    Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith

8    failed, ignored and refused to comply with item 1 and item 8 of Minor JAK's existing § 504 Plan

9    (Exhibit 3) and FAPE when they refused, failed and neglected to provided assignments during

10   Minor JAK's disability absences, nor updated or briefed the supplemental home instructor or

11   parents regarding their academic concerns.

12

13   107.    Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith

14   failed, ignored and refused to comply with item 1 and item 8 of Minor JAK's existing § 504 Plan

15   (Exhibit 3) and FAPE when they refused, failed and neglected to provide the Kennedys with

16   Minor JAK's grade printouts depriving them from further assisting their son.

17

18   108.    Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith,

19   commencing in October of 2001 and continuing through the SETTLEMENT AGREEMENT,

20   and thereafter engaged in a course of conduct, which lead to the virtual expulsion of Minor JAK

21   from Mojave High School by failing to live up to the terms of the existing § 504 Plan and the

22   laws and regulations requiring accommodation of Minor JAK as evidence by the following

23   intentional and egregious conduct and statements:

24

25        a.    Immediately upon learning that Minor JAK would not be able to take Honor's

26              classes for which he was otherwise qualified if he was schooled Homebound, the

27              Kennedy's rescinded an authorization for Minor JAK to leave Mojave High

28              School and be schooled Homebound.

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

b.   Defendant Denson refused to accommodate Minor JAK stating: **"That is the beauty of this [expulsion of Minor JAK from Mojave] it will be the Districts problem to deal with Homebound, not Mojave."**

c.   Defendant Smith refused to accommodated Minor JAK stating: **"I will not allow an Honors or AP student to get credit when he did not do the same work as the other students."**

d.   Defendant Denson refused to accommodate minor JAK stating, **"I will not provide independent study/home course materials."**

e.   Defendant Denson refused to accommodate Minor JAK stating, **"I will not allow teachers to provide notes or written explanation for [Minor JAK] unless the teacher normally supplies notes to all absent students."**

f.   Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith failed, ignored and refused to implement a § 504 Plan revision on November 07, 2001, including but not limited to failing to provide Minor JAK with the 'buddy contact list" and failing to supply Minor JAK with the agreed course work for certain classes.

g.   Defendant Smith repeatedly stated that Minor JAK was the School District's problem, and therefore, it was not Mojave High School's burden to accommodate him.

h.   Defendant Denson repeatedly stated that once Minor JAK was "Homebound" he would be the School District's problem, and therefore it would no longer be Mojave High School's burden to accommodate him.

i.   On or about November 7, 2001, Defendant Denson attempted to compel the signature of the Kennedy's by requiring that the Kennedy's release him and

Mojave High School from any liability and/or responsibilities, past, present or future and in consideration. Minor JAK would be allowed a modified course of independent study and provision of class notes. When the Kennedy's refused, Defendants rescinded its agreements to an amended § 504 Plan and, in retaliation, suspended Minor JAK's Supplemental Home Instruction and existing § 504 Plan.

     j.    Throughout the end of 2001, Defendant Denson stated Minor JAK would not be allowed to return to Mojave High School as a part-time student, memorializing this position in a meeting on Jan 15, 2002 with Plaintiffs and later with the approval of remaining Defendants School District, Garcia, Irvin, Kinley, Green, Harley and Smith memorializing this expulsion threat in successive proposed § 504 Plan amendments.

109.    Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith failed, neglected and refused to provide the Kennedys with the § 504 substantive and procedural due process rights and entitlements manual.

110.    Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson, and Smith failed, neglected and refused to provide Minor JAK with FAPE which makes said Plan an unreasonable accommodation and a continuous breach of Defendants duties.

111.    After Plaintiff retained counsel and Defendants School District, Garcia, Irvin, Green, Harley, Denson and Smith allowed Minor JAK to return to Mojave High School in January for the second semester of the 2001-2002 school year, without any amendments to the § 504 Plan, Exhibit 3, Plaintiffs filed for and received a Grievance Hearing date, required by regulation and law.

112.    On the eve of the hearing, on or about April 11, 2002 Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith agreed to settle the past, present and future

breaches and issues with Plaintiffs by entering into the SETTLEMENT AGREEMENT, Exhibit 1.

113.    On or about the month of April 2002, upon Minor JAK's return from a right hand surgery removing a tumor from his right thumb, to the jurisdiction of Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith, Defendant Robison ordered Minor JAK to take a written exam. Minor JAK notified defendant Robison of the surgery, the SETTLEMENT AGREEMENT and the Amended § 504 Plan, requiring an accommodation due to said disabling condition and in direct violation of item 3 of the Amended § 504 Plan, item 3 "Student shall not be immediately tested upon return to school." (Exhibit "2")      In the presence of other students, Defendant Robison ordered Minor JAK to write with his left hand. Minor JAK, under extreme stress, fear and pressure took the test. However, Minor JAK was excused from class after his hand began to hurt. Additionally, as required by the Amended § 504 Plan, Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson, Smith and Robison failed, neglected and refused to provide Minor JAK with any and all documentation and materials prior to the taking of said test, which was otherwise afforded to non-disabled students.

114.    To date, Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith have failed, ignored and refused to comply with said SETTLEMENT AGREEMENT and the Amended § 504 Plan and have lead the Kennedys to believe that Minor JAK would be afforded the benefits, entitlements, services and immunities prescribed within said contract.

115.    The Plaintiffs allege that Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith had no intention of fulfilling their duties, obligations and responsibilities under said SETTLEMENT AGREEMENT, but led the Kennedys to believe that said Defendants were acting in good faith. However, the Defendants knew at the time of signing and authorizing the signing of said SETTLEMENT AGREEMENT that said Defendants, and

1  each of them, had no intention of complying with their duties, obligations and responsibilities

2  under said contract including, but not limited to the new conditions under the Amended §504

3  Plan; providing compensatory education; reformation of grades outlined therein;  payment of

4  attorneys' fees; and reimbursement for out of pocket expense by the Kennedys for tutoring costs.

5

6  116.   Notwithstanding the April 11, 2002 SETTLEMENT AGREEMENT, Defendants School

7  District, Garcia, Irvin, Kinley,  Green, Harley, Denson and Smith failed, neglected and refused to

8  forward the Amended  § 504 Plan to Minor JAK's Community College High School staff where,

9  pursuant to the SETTLEMENT AGREEMENT, Minor JAK is now attending his Senior year.

10  117.   As part of the conduct and omissions exhibited by the Defendants, and each of them, the

11  Defendants utilized and continue to utilize the pretext of falsely accusing the Kennedy's of

12  failing to comply and conform with their respective obligations; including but not limited to:

13

14      a.      Falsely accusing Minor JAK of failing to complete or turn in assignments, when

15              such work was returned or never provided in the first instance;

16      b.      Falsely claiming the Kennedy's had not met burdens under the SETTLEMENT

17              AGREEMENT and the Amended § 504 Plan that were clearly the duties of the

18              Defendants, including but not limited to providing Supplemental Home Services,

19              compensatory education and assignments and concept mastery. reduced

20              assignments and testing to Minor JAK.

21

22  118.   The Plaintiffs are informed and believe that it was only through the personal efforts of

23  counselor Joan Ferraro at the Community College High School that a copy of the Amended  §

24  504 Plan was secured from Defendants School District, Garcia, Irvin, Kinley, Green, Harley,

25  Denson and Smith.

26

27  119.   Plaintiffs are informed and believe that assistant § 504 compliance officer, Mr.  Frank

28  McBride, briefed Defendant Bencivenga on the § 504 requirements and accommodations for

Minor JAK. However, Defendant Bencivenga aided, supported, incited and ratified the

remaining Defendants' conduct and omission by refusing himself to comply with the § 504 Plan.

Notwithstanding that Minor JAK had been ill due to factors arising from his disability,

Defendant Bencivenga refused to accommodate the need of Minor JAK and awarded Minor JAK

an "F" grade. During a November 20, 2002, parents meeting, Defendant Bencivenga expressed

great hostility and animosity towards Minor JAK, to such an extreme that Minor JAK broke

down crying and had to leave the meeting. Moreover, Defendant Bencivenga attacked the

character and honor of Minor JAK's mother, by significantly calling her a liar and not worthy of

belief. Plaintiff D. KENNEDY felt such humiliation, embarrassment and hostility from

Defendant Bencivenga that she, too, broke down during the meeting and had to leave the

meeting. Defendant Bencivenga expressed that he did not agree that Minor JAK should be

treated differently than any other healthy student and that he did not agree with the spirit or letter

of the § 504 Plan. Defendant Bencivenga refused to allow minor Kennedy to make up the

classes he missed or take the test he had missed due to factors caused by his disability.

## FIRST CAUSE OF ACTION

## VIOLATION OF TITLE 42 U.S.C. § 1981

### (Against all Defendants)

120.   Plaintiffs Minor JAK and D. KENNEDY incorporate by reference and in their entirety all

above paragraphs, as though full stated herein.

121.   Pursuant to *Title* 42 *United States Code* §1981, the Plaintiffs are third party recipients to

the federal rehabilitation subsidies received by the Defendants to administer and implement the

nondiscrimination policies of the United States in their school system. Hence, the Plaintiffs'

allege they are entitled to the benefits, services, terms, conditions, privileges and immunities

imbedded within said contract, which are otherwise enjoyed by non-disabled citizens.

122.   Minor JAK alleges that due to the interference of Defendants, he was:

    a.   Deprived of all and any benefits under the **ADA & RA**;

    b.   Deprived of his due process and equal protection rights under both the Federal and State Constitutions;

    c.   Subjected to discriminatory, selective, oppressive, arbitrary and retaliatory enforcement on the basis of his assertion of his constitutionally, statutory and regulatory protected rights, benefits, privileges and immunities; and

    d.   Deprived of the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between himself and the United States.

123.   Plaintiff D. KENNEDY alleges that due the interference of Defendants, she was:

    a.   Treated with deliberate indifference and discrimination for asserting the rights of her son, Minor JAK; and

    b.   Deprived of her due process and equal protection rights under both the Federal and State Constitutions.

124.   Therefore, Plaintiffs allege that the conduct of the Defendants, and each of them, violated **Title 42 United States Code** § 1981.

125.   Plaintiffs allege that the conduct of the Defendants was malicious, discriminatory, selective, arbitrary, deliberately indifferent and retaliatory and intended to and did cause great bodily harm and injury to the Plaintiffs. Since said Defendants knew that Plaintiff Minor JAK was a disabled individual and suffered from life threatening medical and physical aliments, Plaintiff Minor JAK should be entitled to punitive damages in an amount to be determined at the time of trial.

126.   Furthermore, Plaintiff D. KENNEDY alleges that the Defendants, being in a position of power and having access to information, knew that she would suffer severe duress and physical

1  aliments seeing her son being treated in the manner described herein.  Therefore, she too is

2  entitled to punitive damages for the egregious and shocking conduct of the Defendants, and each

3  of them.

4

### SECOND CAUSE OF ACTION

### VIOLATION OF TITLE 42 U.S.C. §1983

### (Against All Defendants)

8  127.   The Plaintiffs incorporate by reference and in their entirety all the above paragraphs, as

9  though fully stated herein.

10  128.   The Plaintiffs allege that the conduct, acts and omissions of the Defendants, as fully

11

12  described in the above causes of action, which is specifically included and incorporated herein,

13  violated *Title* 42 *United States Code* § 1983.

14  ### THIRD CAUSE OF ACTION

15  ### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

16  ### (Against All Defendants)

17

18  129.   The Plaintiffs incorporate by reference and in their entirety all the above paragraphs, as

19  though fully stated herein.

20  130.   The Plaintiffs allege that the conduct, acts and omissions of the Defendants. as fully

21  described in the above causes of action, which is specifically included and incorporated herein

22  violated the Americans with Disabilities Act (**ADA**).

23  ### FOURTH CAUSE OF ACTION

24  ### VIOLATION OF THE REHABILITATION ACT

25

26  ### (Against All Defendants)

27  131.   The Plaintiffs incorporate by reference and in their entirety all above paragraphs, as

28  though fully stated herein.

132.    The Plaintiffs contend that as a matter of law, Minor JAK was entitled to the following, which are not limited to:

    a.    Receiving three hours of supplemental home instruction per week while Minor JAK remained a part time student and one hour of additional supplemental home instruction for every two consecutive days missed due to illness arising from factors of his disability;

    b.    Be provided all relevant course class work and assignment materials.

    c.    The Supplemental Home Instruction teacher shall be responsible for provisions of all such materials;

    d.    Be graded on a reduced number of assignment to emphasize concept mastery.

    e.    Following any absences due to illness arising from factors of his disability, Minor JAK shall not be immediately tested upon return to school.

    f.    All completed assignments returned by Minor JAK shall be itemized, receipted, and dated by the Supplemental Home Instruction teacher, with a copy of this receipt provided to the Kennedys;

    g.    Be given additional time to complete classroom and homework assignments and examinations due to concentration problems and health concerns.

    h.    Be allowed to be rest, may be excused from the classroom or be allowed to go to alternate setting within or outside the classroom;

    i.    Be allowed a pass to the health office;

    j.    Be allowed to carry and use bottled water in the classroom;

    k.    Be provide a progress report on all classes every two weeks;

    l.    Be given an exemption from participation in any activities that may exacerbate his disabilities;

m.   Be given alternate assignments as needed;

n.   Be medically excused upon delivering a medical and/or parental excuse note to the teacher for absences or tardiness relating to or arising from factors of his disability. Minor JAK's excused absences shall not affect participation points or "seat time" in class. (Amended § 504 Plan, Exhibit 2)

133.   The Plaintiffs allege that the terms and conditions agreed upon at the April 11, 2002 SETTLEMENT AGREEMENT (Exhibit "1") which resulted in the aforementioned Amended § 504 Plan (Exhibit "2") approved and mutually agreed upon by the aforementioned Defendants School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith, on their own behalf and on behalf of the remaining Defendants, did not take place, were delayed, were obstructed and/or were neglected by the Defendants, resulting in injuries to the Kennedys, in violation of *Title 42 United States Code* § 1981, the *ADA and the RA*.

134.   Therefore, the Plaintiffs allege the acts and omissions of the Defendants, in the manner stated below, but not limited to:

a.   The Plaintiffs contend that Defendant School District failure to properly train Defendants Garcia, Irvin, Kinley, Green, Hartley, Denson, Smith, Becerra, Robison and Bencivenga, resulted in injuries to and constitutional impediments of the Plaintiffs' rights, benefits, services, privileges, immunities and redress without fear of reprisal or discrimination as stated above;

b.   The Plaintiffs contend that Defendant Garcia's failure to properly train Defendants Irvin, Kinley, Green, Hartley, Denson, Smith, Becerra, Robison and Bencivenga resulted in injuries to and constitutional impediments of the Plaintiffs' rights, benefits, services, privileges, immunities and redress without fear of reprisal or discrimination as stated above;

c.   The Plaintiffs contend that Defendant Irvin's failure to properly train defendants Kinley, Green, Hartley, Denson, Smith, Becerra, Robison and Bencivenga resulted in injuries to and constitutional impediments of the Plaintiffs' rights, benefits, services, privileges, immunities and redress without fear of reprisal or discrimination as stated above;

d.   The Plaintiffs contend that Defendant Kinley's failure to properly train defendants Green, Hartley, Denson, Smith, Becerra, Robison and Bencivenga resulted in injuries to and constitutional impediments of the Plaintiffs' rights, benefits, services, privileges, immunities and redress without fear of reprisal or discrimination as stated above;

e.   The Plaintiffs contend that Defendant Green's failure to properly train defendants Hartley, Denson, Smith, Becerra, Robison resulted in injuries to and constitutional impediments of the Plaintiffs' rights, benefits, services, privileges, immunities and redress without fear of reprisal or discrimination as stated above;

f.   The Plaintiffs contend that Defendant Harley's failure to properly train Defendants School District, Garcia, Irvin, Green, Denson, Smith, Becerra, and Robison resulted in injuries to and constitutional impediments of the Plaintiffs' rights, benefits, services, privileges, immunities and redress without fear of reprisal or discrimination as stated above;

g.   The Plaintiffs contend that Defendant Denson's failure to properly train Defendants Smith, Becerra, Robison and Bencivenga resulted in injuries to and constitutional impediments of the Plaintiffs' rights, benefits, services, privileges, immunities and redress without fear of reprisal or discrimination as stated above;

h.   The Plaintiffs contend that Defendant Smith's failure to properly train defendants

Becerra, Robison and Bencivenga resulted in injuries to and constitutional impediments of the Plaintiffs' rights, benefits, services, privileges, immunities and redress without fear of reprisal or discrimination as stated above;

i.   The Plaintiffs contend that the Defendants acts or omissions caused, and continues to cause, Minor JAK's to lose his § 504 entitlements without substantive and procedural due process in violation of his Fourteenth Amendment to the United States Constitution;

j.   The Plaintiffs contend that the Defendants acts or omissions caused, and continues to cause, obstruction and interference with the course of justice;

k.   The Plaintiffs contend that the Defendants acts or omissions caused, and continues to cause obstruction and interference with enforcing contracts as otherwise afforded to non-disabled students

l.   The Plaintiffs contend that the Defendants acts or omissions caused, and continues to cause, obstruction and interference with access to administrative processes and the courts.

m.   The Plaintiffs contend that the Defendants acts or omissions caused, and continue to cause, penalties and crimes based on disability or impairment;

n.   The Plaintiffs contend that the Defendants acts or omissions caused, and continue to cause, abuse of process in administrative and court proceedings based on discrimination and retaliation;

o.   The Plaintiffs contend that the Defendants acts or omissions caused, and continue to cause, selective, arbitrary, capricious, oppressive and vicious enforcement of laws, regulations, rules and policies.

## FIFTH CAUSE OF ACTION

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

- 30 -

# MONELL/CANTON

## (Against School District and Does 1 to 5)

135.   The Plaintiffs incorporate by reference and in their entirety all above paragraphs, as though fully stated herein.

136.   The Plaintiffs allege that Defendants Garcia, Irvin, Kinley, Green, Harley, Denson, Smith, Becerra, Robison and Bencivenga at all times mentioned herein were the employees, representatives and agents of Defendant School District.

137.   The Plaintiffs allege that Defendant School District failed to properly train Defendants Garcia, Irvin, Kinley, Green, Harley, Denson, Smith, Becerra, Robison and Bencivenga in the various classification of disabled students and the various entitlement, immunities, services and benefits afforded disabled students, in particular, in accommodating the needs of disabled students, such as Minor JAK inside the classroom, and in testing, assignments and other educational processes.

138.   The Plaintiffs contend that Defendant School District failed to properly train Defendants Garcia, Irvin, Kinley, Green, Harley, Denson, Smith, Becerra, Robison and Bencivenga resulting in injuries to the Plaintiffs as alleged herein. which are not limited to:

   a.   Loss of education and instruction to Minor JAK;

   b.   Deprivation of the Plaintiffs' State and Federal Constitutional rights, immunities, benefits, privileges and services as mandated under the *ADA* and *RA*;

   c.   Infringements upon the Plaintiffs right to contract as otherwise afforded to nondisabled individuals;

   d.   Abuse of administrative process based on discrimination and retaliation:

   e.   Deprivation of accessing administrative processes and the courts;

   f.   Deprivation or limitation on right to due process and equal protections of the

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

Federal and State of Nevada Constitutions, laws, regulations, and rules;

g.   Selective, arbitrary, capricious, oppressive and vicious enforcement of laws, regulations, rules and policies.

## SIXTH CAUSE OF ACTION

## VICARIOUS LIABILITY  RESPONDEAT SUPERIOR

### (Against Defendants, School District, Garcia, Irvin, Kinley, Green, Harley, Denson, Smith and Does 6 through 10)

157.   The Plaintiffs incorporate by reference and in their entirety all above paragraphs, as though fully stated herein.

158.   For the purpose of furthering their assigned duties as educators, Defendants named in this cause of action identified Minor JAK as a disabled individual in need of § 504 assistance. Defendants then sought and gained the trust and confidence of minor JAK and his parents so that they would respect said Defendants' authority and guidance and comply with their instructions.

159.   For the purpose of furthering their assigned duties and obligations, said Defendants sought and gained the Plaintiffs' trust, and obedience. As a result, Plaintiffs were conditioned to comply with the Defendants direction and to look to them as an authority on matters of educational, moral, ethical and temporal providers with purportedly a plan to assist and accommodate minor JAK due to his disability.

160.   Using the power, authority and trust of their positions as educators, guidance counselors, vocational advisors and compliance monitoring and.authority figures to. entice. induce. direct. and coerce Plaintiffs to submit to their illegal orders in deprivation of Plaintiffs' constitutional, statutory, regulatory and civil rights.

161.   Using the power, authority and trust of their positions said Defendants enticed, induced, directed and/or coerced Plaintiffs to forfeit their constitutional, statutory, regulatory and civil

rights, by depriving them the guarantees of substantive and procedural due process, equal protection and their right to enter and enforce both the Amended § 504 Plan and the April 11, 2002 SETTLEMENT AGREEMENT, as otherwise afforded to non-disabled individuals.

162.    Furthermore, said Defendants acted with deliberate indifference towards Minor JAK, by denying him services, assistance, and benefits otherwise afforded to disabled students similarly situated pursuant to the *ADA* and the *RA*. As such, said Defendants are vicariously liable for the acts and omissions of their representatives, subordinates, employees and/or agents.

163.    As a result of the above described conduct, the Plaintiffs, in particular Minor JAK, have suffered, and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self esteem, disgrace, humiliation, and loss of enjoyment of life. Plaintiffs were further prevented and will continue to be prevented from performing their daily activities and obtaining the full enjoyment of life; have sustained loss of earnings and earning capacity; and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### SEVENTH CAUSE OF ACTION

### NEGLIGENT RETENTION AND/OR SUPERVISION

### (Against Defendant  School District)

164.    The Plaintiffs incorporate by reference and in their entirety all above paragraphs, as though fully stated herein.

165.    Upon information and belief, Defendant School District, by and through its agents, servants and employees, knew or reasonably should have known of Defendants Garcia, Irvin, Kinley,  Green, Harley, Denson, Smith and Does 1 through 10 propensities to discriminate and treat  disabled students and their parents/representative with deliberate indifference.

166.    Upon information and belief, Defendant School District, by and through its agents,

1   servants and employees, knew or reasonably should have known Defendants Garcia, Irvin,

2   Kinley, Green, Harley, Denson, Smith and Does 1 through 10 were unfit agents, and despite

3   such knowledge, Defendant School District negligently retained and/or failed to supervise

4   Defendants Garcia, Irvin, Kinley, Green, Harley, Denson, Smith and Does 1 through 10 in their

5

6   respective positions of trust and authority as educators and § 504 program implementors where

7   they were able to commit the wrongful acts against the Plaintiffs and others similarly situated.

8   167.    Upon information and belief, Defendant School District, by and through its agents,

9   servants and employees, knew or reasonably should have known Defendants Garcia, Irvin,

10  Kinley, Green, Harley, Denson, Smith and Does 1 through 10 failed to use reasonable care to

11

12  investigate the complaints filed by the Kennedys and failed to provide adequate warning to

13  Plaintiffs of Defendants Garcia, Irvin, Kinley, Green, Harley, Denson, Smith and Does 1

14  through 10 dangerous propensities and unfitness as agents, who deprived disabled students, their

15  parents and/or representatives of the due process and equal protection afforded to non disabled.

16  168.    As a result of the above described conduct, Plaintiffs have suffered, and continue to suffer

17  great pain of mind and body, shock, emotional distress, physical manifestations of emotional

18

19  distress, embarrassment, loss of self esteem, disgrace, humiliation, and loss of enjoyment of life;

20  were prevented and will continue to be prevented from performing their daily activities and

21  obtaining the full enjoyment of life; have sustained loss of earnings and earning capacity; and/or

22  have incurred and will continue to incur expenses for medical and psychological treatment,

23  therapy, and counseling.

24

25                              **EIGHTH CAUSE OF ACTION**

26                                      **ASSAULT**

27          **(By Plaintiff minor JAK only Against Defendant Becerra)**

28  169.    Plaintiff Minor JAK realleges the above paragraphs as though fully set forth herein.

170. The practices described above, including, but not limited to forcing Minor JAK to remain in the chemistry lab, closing all doors, with no ventilation of fresh or outside air, when Defendant Becerra knew and was notified by Minor JAK that he had undergone life-threatening sinus surgery and was prohibited and exempt from performing the chemistry labs.

171. When Minor JAK requested that he be excused from performing the chemistry lab, defendant Becerra refused his request, and continued to expose Minor JAK to the dangerous continents in the chemistry laboratory. Minor JAK was allergic to said environment and subsequently Minor JAK became severely ill, experiencing tightening of his chest, upper respiratory problems and sinus irritation. Within a few days Minor JAK was placed on antibiotics and was treated for sinus and asthma complications. Minor JAK suffered severe physical pain and mental anguish as the result of Defendant Becerra's acts and omissions. Consequently, Minor JAK's immune system weakened and it took Minor JAK months to recover from the aforesaid life-threatening situation requiring extensive absences from school.

172. As a direct and proximate result of Defendant Becerra's actions, as described above, Plaintiff Minor JAK sustained actual damages including injuries to his person, pain, severe, and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear, anguish, shock, nervousness and anxiety in an amount to be ascertained according to proof at trial.

173. The actions of Defendant Becerra, as described above, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or conscious disregard of Minor JAK's safety, and knowing the harm that would be inflicted upon Plaintiff Minor JAK. As a result of said intentional conduct, Plaintiff Minor JAK is entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

174. Plaintiff Minor JAK was forced to hire an attorney to represent him in this matter, and

1    Plaintiff Minor JAK should, therefore, be awarded reasonable attorneys' fees and costs.

2                              NINTH CAUSE OF ACTION

3                            BREACH OF FIDUCIARY DUTY;

4    BREACH OF WRITTEN CONTRACT; SPECIFIC PERFORMANCE; EQUITABLE

5                                      RELIEF

6                               (Against all Defendants )

7

8    175.    Plaintiffs reallege and incorporate by reference as though set forth fully herein each and

9    every allegation contained herein.

10   176.    On April 11, 2002, in Clark County,  a SETTLEMENT AGREEMENT was made in

11   writing between the Plaintiffs and the Defendants (who were presented by Defendants Greene,

12   Harley and Denson, more fully described and memorialized in the SETTLEMENT

13   AGREEMENT) in which, among other things, the Defendants covenanted to and subsequently

14   breached said SETTLEMENT AGREEMENT:

15        a.      Enroll Minor JAK in the Clark County Community College High School Program

16               beginning in the fall term 2002-2003 school year;

17               The Kennedys were not given a schedule on which to rely so they could enroll

18   Minor JAK in college.  Therefore, Minor JAK was prevented from securing his classes.  In

19   addition, the § 504 Plan was never transferred to the new school by Defendants School District,

20   Harley, Denson or Smith.  Hence, Minor JAK was subjected to deliberate indifference, selective,

21   capricious and arbitrary enforcement of school  rules, which were exempt through the  § 504 Plan

22   implementation.

23        b.      Minor JAK would receive three hours of supplemental home instruction per week

24               while said minor remained a part time student;

25               The Defendants did not fully comply with the accommodations as to this

condition.

c.   Minor JAK would receive one hour of additional supplemental home instruction for every two consecutive days missed due to illness related to his disability;

The Defendants did not fully comply with the accommodations as to this condition

d.   Minor JAK would be provided all relevant course class work and assignment materials;

Defendants did not comply with this condition.

e.   The Supplemental Home Instruction teacher would be responsible for provision of all such materials; with receipts;

Defendants did not comply with this condition.

f.   Minor JAK would be graded on a reduced number of assignments to emphasize "concept mastery";

Defendants did not comply with this condition.

g.   Following any absences due to illness related to minor's disability, Minor JAK would not be immediately tested upon return to school;

All completed assignments returned by Minor JAK Defendants did not comply with this condition.  Minor JAK was tested immediately after his return from surgery to his right hand, were a tumor was removed from his palm, located next to his thumb.

h.   Minor JAK would be given additional time to complete classroom assignments due to concentration problems and health concerns;

Defendants did not comply with this condition

i.   Minor JAK would be given additional time to complete homework assignments due to concentration problems and health concerns;

1      Defendants did not comply with this condition.

2   j.    Minor JAK would be given additional time to complete examinations due to

3         concentration problems and health concerns;

4         Defendants did not comply with this condition.

5

6   k.    Minor JAK would be provided a progress report on all classes every two weeks;

7         Defendants did not comply with this condition.

8   l.    All absences or tardies would be excused when they arise from factors of Minor

9         JAK's disabilities;

10        Defendants did not comply with this condition.

11

12  m.    Minor JAK's absence or tardies shall not affect his participation points or "seat

13        time" in class;

14        Defendants did not comply with this condition.

15  n.    Minor JAK's semester grades for second semester of 2000-2001 Algebra II;

16        Geometry Honors; second semester Biology I; first semester U.S. History 2001-

17        2002; Trigonometry 2001-2002; Music Theory 2001-2002 would be amended

18        upon completion of the compensatory education course work and based upon

19        "concept mastery" over the Summer of 2002 and Kaplan testing results;

20

21        Defendants did not comply with this condition and never arranged for any

22  compensatory education.  In fact, notwithstanding receipt of the agreed Kaplan scores which

23  reflect a "B" to an "A" grade, based on Minor JAK's Kaplan attendance and SAT proctored test

24  scores, the Defendants refused and continue to refuse to assign such grades.  Instead, the

25

26  Defendants offered to only assign  "C" grades, and in one case a "D" grade.

27  o.    Minor JAK's reduced "concept mastery" course work for second semester

28        Algebra II 2000-2001; Geometry Honors 2000-2001; and Trigonometry 2001-

2002;

See the above "n" response.

p.    Defendant School District would pay the $799.00 tuition for the Algebra, Geometry and Trigonometry subjects;

Defendants did not comply with this condition. Instead, the Plaintiffs were forced to pay the $799.00. Then, it took the Defendant School District approximately 2 months to reimburse . When the Plaintiffs were reimbursed by Defendant School District, they were told by Defendant School District that they had to pay taxes on the out of pocket expense and were issued a 1099 Income Tax Form. Hence, any tax paid by the Plaintiff on the $799.00 expense, constitutes a breach of this condition and deprives the Plaintiff of full reimbursement.

q.    All of Minor JAK's attendance records from the 2001-2002 school year onward would be corrected to show appropriate coding reflecting excused absences due to disability;

Defendants did not comply with this condition.

r.    The Defendants would allow Minor JAK to take the High School Proficiency examination at Mojave High School;

Defendants did not comply with this condition.

s.    Defendant School District would pay reasonable attorneys fees and costs of Pearson, Patton, Shea, Foley and Kurtz upon application to Defendant School District;

Defendants did not comply with this condition claiming that the School District representatives had no authority to enter into this portion of the SETTLEMENT AGREEMENT. Plaintiffs performed all conditions, covenants and promises required on their part to be performed in accordance with the terms and conditions of the SETTLEMENT AGREEMENT or

PEARSON. PATTON.
SHEA, FOLEY & KURTZ  P.C.
6900 Westcliff Drive, Suite 800
Las Vegas. Nevada 89145

- 39 -

1 have been legally excused from doing so by Defendants' conduct.

2 177. In doing the acts alleged herein above, the Defendants have intentionally breached their

3 obligations which are fiduciary in nature requiring utmost good faith in performance to the

4

5 Plaintiffs under the agreement memorialized in the SETTLEMENT AGREEMENT. Defendants

6 School District, Garcia, Irvin, Kinley, Green, Harley, Denson and Smith with full knowledge and

7 in conscious disregard of the Plaintiffs' rights, have aided and abetted breaches of Defendants

8 Robison, Bencivenga and the nonparty Community College obligations under the

9 SETTLEMENT AGREEMENT, as set forth more fully herein above.

10 178. As a direct and proximate consequence of Defendants' breaches, Plaintiffs have been

11 damaged in an amount not yet fully ascertained.

12

13 179. Plaintiffs seek specific performance and other equitable relief, including but not limited

14 to a mandatory injunction reforming Minor JAK's academic record to properly record, pursuant

15 to the SETTLEMENT AGREEMENT, Exhibit "1", and the Amended § 504, Exhibit "2",

16 including but not limited to:

17

18  a. Reformation of JAK's permanent grade transcript to A to B+ grades; and

19   reformation of attendance records;

20  b. Mandatory injunction enforcing the supplemental home services, reduced

21   assignment "concept mastery" and testing provisions of the Amended § 504 Plan

22   and SETTLEMENT AGREEMENT;

23

24  c. High school proficiency testing of Minor JAK, allowing matriculation to college;

25   and

26  d. Specific enforcement of the provision requiring payment of reasonable attorneys

27   fees, including paralegal fees through the execution, and now to date, for the

28   enforcement of the SETTLEMENT AGREEMENT and Amended § 504 Plan.

180.    Minor JAK will be irreparably harmed and has no adequate legal remedy for enforcement of the current Amended § 504 Plan and SETTLEMENT AGREEMENT; and will be unable to attend; apply for; or be accepted to a college program, or be eligible for an academic scholarship based on his current transcript and school records.

## TENTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING AND FIDUCIARY DUTIES

### (Against All Defendants )

181.    Plaintiffs reallege and incorporate by reference as though set forth fully herein each and every allegation contained herein.

182.    In doing the acts alleged herein above, Defendant School District has  materially breached the covenant of good faith and fair dealing implied as a matter of  law and fiduciary duties in the agreement alleged herein. Defendants Garcia, Irvin, Kinley,  Green, Harley, Denson, Smith, Robison, Bencivenga and Does 1 through 10, have induced and aided and abetted the breaches of such covenant.

183.    As a direct and proximate consequence of Defendants' breaches, the Plaintiffs have been damaged in an amount not yet fully ascertained,

## ELEVENTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (By minor JAK against All Defendants)

184.    Plaintiff Minor JAK realleges and incorporates by reference as though set forth fully at this point, each and every allegation contained in above paragraphs.

185.    As a result of nearly four (4) years of personal efforts and educational investments to

achieve Grades of "B" and above through his educational participation and activities, Minor JAK has developed good will, source recognition and rapport in the scholastic and educational community qualifying him for the $10,000.00 Millennium Scholarship.

186.    Defendants knew of plaintiff's aforementioned established and prospective economic advantages in the scholastic and educational community consisting of achieving the aforementioned grade to secure himself as a candidate and recipient of the $10,000.00 Millennium Scholarship.

187.    In committing the wrongful acts alleged in this Complaint, Defendants, and each of them, intended to interfere with, have interfered with, and will continue to interfere with, Minor JAK's relationships with such Grades, as to deprive Minor JAK a chance to the $10,000.00 Millennium Scholarship.

188.    Defendants' wrongful acts in their interference with Plaintiff Minor JAK's prospective economic advantage, unless enjoined by order of this Court, will continue to cause great and irreparable injury to Minor JAK and Minor JAK's educational and scholastic investments. Minor JAK has no adequate remedy at law for injuries that he is currently suffering and which are threatened to be suffered from Defendants' interference with Plaintiff Minor JAK's prospective economic advantage.

189.    As a direct and proximate result of Defendants' interference with plaintiff's prospective economic advantages, minor JAK has to date been damaged in not receiving the "B" and "A" grades as reflected in the Kaplan and Amended § 504 Plan, and will be further damaged in an amount not yet fully ascertained, but in excess of $10,000.00.

190.    The actionable conduct alleged herein above of those defendants named in this cause of action was perpetrated with and through fraud, oppression, and malice. Therefore, Minor JAK is entitled to an award of punitive and exemplary damages against each such defendant, and each of

1   them, in an amount to be proven at trial.

## TWELFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL STRESS AND HARM

### (Against all the Defendants)

191.   The Plaintiffs incorporate by reference and in their entirety all above paragraphs, as though fully stated herein.

192.   Plaintiffs allege that these Defendants were statutorily bound to obey all antidiscrimination Federal and State laws, and to assure the safety and security of Minor JAK's education while a student at their educational institutions and while under their supervision and protection.

193.   The Plaintiffs allege that these Defendants owed a duty to exercise due care towards Minor JAK and his parents/representatives and accommodate his disabilities, respect his privacy and guarantee that Minor JAK could only fail any education and/or instructional class through lawful means and in compliance with the due process and equal protection pursuant to the Fourteenth Amendment to the United States Constitution and applicable State Constitution.

194.   The Plaintiffs allege that all the Defendants knew of Minor JAK's medical, physical and psychological disabilities, and that any induced stress would harm and injure Minor JAK and induce injuries upon his parents.

195.   The Plaintiffs allege that all the Defendants discriminated against the Plaintiffs on the basis Minor JAK's disabilities;

196.   The Plaintiffs allege that all the Defendants aided, ratified and supported the illegal deprivation of Minor JAK's liberty and educational rights without due process and equal protection under both State and Federal constitutions.

197.   Minor JAK alleges that all the Defendants retaliating against Minor JAK for asserting his

1   protected First Amendment Constitutional rights and activities when requesting to be

2   accommodated due to his disability.

3   198.   Plaintiffs D. and B. Kennedy allege that the Defendants, and each of them, retaliated

4   against them for asserting their son's protected First Amendment Constitutional rights and

5   activities when requesting to accommodated their son due to his disability.

6

7   **WHEREFORE,** under the First Cause of Action. the Plaintiffs respectfully request that

8   this Honorable Court:

9       1.   Assert jurisdiction over this action;

10      2.   Award not less than $150,000.00 for each deprivation of each Plaintiffs'

11           constitutional rights under *Title* 42 *United States Code* § 1981;

12

13      3.   Award for punitive damages. in an amount that is just and proper to be made at

14           time of trial;

15      4.   Award incidental cost for relocating and other expenses:

16      5.   Award attorney's fees and costs for this lawsuit under *Title* 42 *United States Code*

17           § 1988; and

18

19      6.   Any other relief this Court deems fair and just.

20   **WHEREFORE,** under the Second Cause of Action, the Plaintiffs respectfully request

21   that this Honorable Court:

22      1.   Assert jurisdiction over this action;

23      2.   Award not less than $150,000.00 for each deprivation of Plaintiff's constitutional

24

25           rights under *Title* 42 *United States Code* § 1983:

26      3.   Award for punitive damages, in an amount that is just and proper;

27      4.   Award attorney's fees and costs for this lawsuit under *Title* 42 *United States Code*

28           § 1988; and

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P C.
6900 Westcliff Drive. Suite 800
Las Vegas, Nevada 89145

5.       Any other relief this Court deems fair and just.

**WHEREFORE,** under the Third Cause of Action, the Plaintiffs respectfully request that this Honorable Court:

1.       Assert jurisdiction over this action;

2.       Issue an Injunction prohibiting the Defendants from interfering, discriminating and obstructing disabled students rights, entitlements, services and privileges under both the *ADA* and the *RA*;

3.       Award not less than $150,000.00 for each deprivation of Plaintiffs' constitutional rights under the Americans with Disabilities Act;

4.       Award in an amount that is just and proper;

5.       Award attorney's fees and costs for this lawsuit under *Title 42 **United States Code** § 1988;* and **Title 42 United States Code** § 12131; and

6.       Any other relief the Court deems fair and just.

**WHEREFORE,** under the Fourth Cause of Action, the Plaintiffs respectfully request that this Honorable Court:

1.       Assert jurisdiction over this action;

2.       Award not less than $150,000.00 for each deprivation of Plaintiff's rights under the Americans with Disabilities Act and the Federal Rehabilitation Act;

3.       Award attorney's fees and costs for this lawsuit under *Title 42 **United States Code** § 1988;* **Title 29 of United State Code** § 474 as amended; and **Title 28 United States Code** §1415(e); and

4.       Any other relief this Court deems fair and just.

**WHEREFORE,** under the Fifth, Sixth and Seventh Cause of Actions, the Plaintiffs respectfully request that this Honorable Court:

1      1.     Assert jurisdiction over this action.

2      2.     Award not less than $150,000.00 for each deprivation of Plaintiffs' constitutional

3          rights under *Title* 42 *United States Code* § 1983;

4

5      3.     Award for punitive damages, in an amount that is just and proper;

6      4.     Award attorney's fees and costs for this lawsuit under *Title* 42 *United States Code*

7          § 1988; and

8      5.     Any other relief this Court deems fair and just.

9      **WHEREFORE**, under the Eighth Cause of Action, the Plaintiffs pray for judgment

10

11  against the Defendant, Becerra, as follows:

12     1.     Compensatory damages, according to proof;

13     2.     Punitive damages, according to proof;

14     3.     Reimbursement for all medical, psychological and health services arising or

15         proximated by the Defendant's conduct;

16     4.     For cost of this suit;

17     5.     For attorney's fees; and

18

19     6.     For all other relief this Court deems fair and just.

20     **WHEREFORE**, under the Ninth Cause of Action, Plaintiffs respectfully request

21  the honorable court assert jurisdiction over this action and award specific performance of the

22  settlement agreement dated April 11, 2002 in the following respects:

23     1.     Reformation of all minor John A. Kennedy's grades, as prayed for in the

24         Complaint herein;

25

26     2.     Reformation of all minor John A. Kennedy's attendance records as set forth in the

27         prayer as the allegations of the Complaint and the Settlement Agreement herein;

28     3.     Issuance of a mandatory injunction enforcing and requiring supplemental home

1   services instruction pursuant to the terms of the Settlement Agreement and

2   Amended Section 504 Plan including but not limited to assignment and testing on

3   reduced work load based on "concept mastery" incorporated into said Settlement

4   Agreement and Amended 504 Plan;

5

6   4.   An injunction requiring the high school proficiency testing minor John A.

7        Kennedy allowing matriculation to college;

8   5.   Specific performance of provision of the Settlement Agreement requiring the

9        payment of all reasonable attorney's fees including paralegal fees to date for the

10       enforcement of the Settlement Agreement and Amended 504 Plan;

11

12  6.   Such other equitable relief as the Court deems appropriate under the

13       circumstances.

14  WHEREFORE, under the Tenth Cause of Action, Plaintiffs specifically request this

15  Honorable Court:

16  1.   Award compensatory damages equal to the loss of the millennium scholarship in

17       the amount of $10,000.

18

19  1.   Punitive damages according to proof for costs of this suit;

20  2.   For costs of this suit;

21  3.   For attorney's fees;

22  4.   For all other relief this court deems fair and just.

23  WHEREFORE, under the Eleventh and Twelfth Cause of Action, the Plaintiffs

24  respectfully request this Honorable Court or judgment

25

26  1.   For compensatory damages. according to proof:

27  2.   Punitive damages according to proof;

28  3.   Reimbursement of all medical, psychological and health services arising or

proximated by Defendants' conduct;

4.    For cost of this suit;

5.    For attorney's fees;

6.    For all other relief this court deems fair and just.

DATED this _____ day of December, 2002.

PEARSON, PATTON, SHEA,
FOLEY & KURTZ, P.C.


By_____
NIELS L. PEARSON, ESQUIRE
Nevada Bar No. 001061
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada   89145
Attorneys for Plaintiffs

## SETTLEMENT AGREEMENT

AGREEMENT, made and entered into as dated below, by and between Petitioners, BUTCH and DORIS KENNEDY (hereinafter referred to as "the Parents"), on behalf of their son, (hereinafter referred to as "the Student") and CLARK COUNTY SCHOOL DISTRICT (hereinafter referred to as "the District"), to settle and resolve the Parents' current request for a Section 504 Impartial Hearing set for April 15 and 16, 2002. In support of the Settlement Agreement, the parties do hereby agree as follows:

WHEREAS, the Student,                   , is identified as a student with a disability under Section 504 of the Rehabilitation Act of 1973, 29 USC 794; 34 CFR 104 with multi-environment and drug allergies, chronic sinusitis and reactive airway disease; and

WHEREAS, the Parents and Student have alleged that the District has and continues to deny the Student with a Free Appropriate Public Education (FAPE);

WHEREAS, the District denies it has deprived the Student, FAPE;

WHEREAS, the Parents and Student have requested a Section 504 Impartial Hearing to address and resolve their dispute with the District;

WHEREAS, Parents and Student wish to enter into this

Settlement Agreement reserving all claims for compensatory and/or punitive damages arising out of past, present and future acts or omissions of the District and its employees.

NOW THEREFORE, in consideration of the promises and mutual undertakings by the parties, the Parties do hereby agree as follows:

1.     The District shall provide for the Student to be accepted into and enrolled in the Clark County Community College High School Program beginning in the fall term 2002-2003 school year.

2.     Attached hereto and fully incorporated as Exhibit A is an Amended 504 Plan agreed to by the District, Student and Parents effective immediately upon signing of this Settlement Agreement.

3.  Student's semester grades for second semester Algebra II 2000-2001; Geometry Honors 2000-2001; second semester Biology I 2000-2001; first semester U.S. History 2001-2002; Trigonometry 2001-2002; Music Theory 2001-2002  shall be amended, based upon completion of the following course work and testing results:

(a)The District shall provide compensatory education based on the reduced workload of "concept mastery" incorporated into the Amended 504 plan attached as Exhibit "A" to this Settlement Agreement.

After consultation with the Student's teacher's for the above

2

subjects, and with the agreement of the District and Student and Parents, Student shall be provided a reduced, "concept mastery" curriculum for a fixed number of hours per week and a fixed number of weeks  for Biology I during the 2002-2003 school year.

At the end of the compensatory education period, Student shall be tested by written examination, essay or paper solely on his concept  mastery of compensatory education materials and Student shall receive a grade based on that testing.

Student shall not receive compensatory education during any semester exam week during the 2002-2003 school year.

During summer vacation 2002, Student be allowed to retake semester examinations for first semester  music theory based on actual course materials provided.  Student shall re-take examination for first semester U.S. History after mutually agreed fixed number of hours of compensatory education based on concept mastery  and testing on those educational materials taught during the compensatory education.

All compensatory education and instruction shall be provided in the home by Supplemental Home Instruction teachers.

(b) The District shall provide to Student reduced  "concept mastery" course work for second semester Algebra II 2000-2001, Geometry(honors) 2000-2001, and Trigonometry 2001-2002 which

3

shall be completed under the guidelines of the Amended 504 plan,

attached to this Agreement as Exhibit "A".

For Algebra, Geometry and Trigonometry subjects, at the

District's expense of the $799.00 tuition, Student shall attend the

Kaplan Learning Center course for the SAT I during the summer of

2002, with his grades in Algebra II 2000-2001, Geometry 2000-2001,

and Trigonometry 2001-2002 based on the average of: 1) Student's

percentile Math score in the Kaplan Testing at the end of his Kaplan

curriculum and 2) Student's percentile  grade based on reduced

"concept mastery" materials to be provided for these subjects  by the

District under the Amended 504 Plan, attached as exhibit "A".

(c) With respect to Student's fourth quarter grading period,

Student shall be provided reduced "concept mastery"  materials for

Trigonometry, American Literature, and U.S. History, and Student's

fourth quarter grade and finals tests shall be based on such reduced

"concept mastery" materials  for these subjects provided by the

District under the Amended 504 Plan, attached as exhibit "A".

4. All of the Student's  attendance records from the 2001-2002

school year onward, shall be corrected to reflect appropriate coding

reflecting excused absence due to disability.  Due to Student's part-

time attendance, it will be appropriately noted that Student has a

delayed start time, if medically required rather being marked tardy.

4

5.    The District agrees to allow Student to take the high school proficiency examination in the afternoon at Mojave High School at a mutually agreed time before the end of the 2001-2002 school year.  The Student will arrange a time and date to take the proficiency examination with the Mojave High School.

6.    The Parents and Student and District agree that current impartial hearing set for the 15th and 16th of April settling all educational issues to date, shall be dismissed without prejudice, allowing Student and Parents to reinitiate impartial hearing, grievance procedures upon notice as required by regulation to the superintendent of schools and that hearing is to be set within 45 days of such notice with the current hearing officer, Mr. Hal Taylor, unless unavailable

7.    This Settlement Agreement expressly reserves to the Student and Parents the right to seek compensatory and punitive damages, including but not limited to compensatory damages for personal injuries, violations of Section 504 of the Rehabilitation Act of 1973 or Section 1983 of the Civil Rights Act and for such other common law and statutory claims legal and equitable, as Parents and Student may have.

8.    The parties agree to work collaboratively in the implementation of this Settlement Agreement and the Amended 504

5

Education plan attached as Exhibit A.

9. Upon medical verification, District shall exempt Student from any additional physical activity , Student shall meet physical education requirements for graduation, with reasonable accommodation, if required.

10. An executed copy of this document shall carry the same authenticity with respect to the original document.

11. The Parents shall  receive reasonable attorney's fees and costs of Pearson, Patton, Shea, Foley and Kurtz, upon application to the District for such fees.

12. The Parents are entitled to receive for private tutorial expenses for which they are out-of-pocket in the amount of $285.00, and upon proof of payment these amounts shall be paid  within 45 days of this Agreement.

13. This Settlement Agreement shall remain confidential, except insofar as it is necessary to be disclosed in any future administrative or court proceedings to pursue any claims or remedies, past, present or future.

14.    This Settlement Agreement constitutes the entire understanding between the parties, and cannot be altered, amended

6

or modified in change unless the parties to agree so in writing.

DATED _4/11/02_ _____
CHARLENE GREEN
Associate Superintendent
Student Support Services Division

DATED _4/11/02_ _____
MICHAEL S. HARLEY
Compliance Officer

DATED _4/11/02_ _____
DR. ANDRE DENSON
Principal, Mojave High School

DATED _11 April 2002_ _____
BUTCH KENNEDY
Parent

DATED _4/11/02_ _____
DORIS KENNEDY
Parent

DATED _4/11/02_ _____
NIELS L. PEARSON, ESQUIRE
Attorney for Parents

7

# EXHIBIT A
# TO
# SETTLEMENT AGREEMENT

## AMENDED 504 PLAN OF _____
### STUDENT NO. 175805
### DATE OF BIRTH: 7/7/85

1.  Student shall receive three hours of supplemental home instruction per week while Student remains a part time student and one hour of additional supplemental home instruction for every two consecutive days missed due to illness related to Student's disability.

2.  Student shall be provided all relevant course class work and assignment materials. The Supplemental Home Instruction teacher shall be responsible for provision of all such materials and Parents and and/or Student agree to sign and will receive a copy of an itemized, dated receipt for such assignments.

3.  Student shall be graded on a reduced number of assignments to emphasize concept mastery. Following any absences due to illness related to Student's disability, Student shall not be immediately tested upon return to school. All completed assignments returned by Student shall be itemized, receipted, and dated by the Supplemental Home Instruction teacher, with a copy of this receipt provided to Student and/or Parents.

4.  Student shall be given additional time to complete classroom assignments, homework assignments and examinations due to concentration problems, and health concerns. Upon request, Student may require rest, may be excused from the classroom or be allowed to go to alternate setting within or outside the classroom,

including the health office, due to environmental irritants.  Upon

request, Student shall be entitled to obtain a pass to the health office.

The health office shall contact Student's Parents should Student go

to health office.

       5.     Student will be allowed to carry and use a water bottle in

class.

       6.  Student shall be provided a progress report on all classes

every two weeks.

       7. Student will be given an exemption from participation in any

activities that may exacerbate his disabilities.  An alternate

assignment is to be given for such activities.

       8.  When the Student's absences or tardies are related to his

disability, and the proper medical excuse  is submitted to the school,

the student's absences or tardies shall be excused.   Student's

excused absences shall not affect participation points or "seat time" in

class.

2

ATTACHMENT #1
504 ACCOMODATION PLAN

Student:
Number:            175805
School Year:       01-02

1.    Parent and/or student to notify assigned teacher for frequent intermittent
      absences if tutorial services are needed.  Classroom teachers to keep
      parents and assigned tutorial teacher updated with any academic
      concerns related to absences due to allergies.  This will allow the student
      to receive assistance at home or at school after a designated number of
      days to facilitate ongoing instruction and minimize loss of instruction
      during these periods of absence.
2.    Student should be given exemption from participation in activities that may
      include irritants that are allergy sensitive to the student (ie: animals,
      science chemicals) an alternate assignment should be given.
3.    Student to be allowed a pass to the Health Office upon request.
4.    Concentration problems due to allergies and medications may be present.
      Student may need increased length of time to complete task.
5.    Provide preferential seating when classroom irritants (open windows) or
      student irritants (perfumes) impair student's concentration level.
6.    Health Office staff may request parent to provide updated medical
      documentation if health condition changes or absences are becoming
      excessive.
7.    Parent to contact Health Office staff for Homebound application if known
      that student will be gone for three weeks or longer due to medical
      problem.
8.    Student is to receive an up to date grade print out for each class on a bi-
      monthly basis.